# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

PHILLIP D. SAKALL,                                                                                           PLAINTIFF
ADC #161146

v.                                              4:15CV00582-KGB-JTK

PHILLIP BENTLY, et al.                                                                                     DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Kristine G. Baker. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the hearing before the District

Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## I. Introduction

Plaintiff Phillip Sakal filed this pro se action pursuant to 42 U.S.C. § 1983, while incarcerated at the Saline County Jail, alleging interference with mail and denial of adequate medical care (Doc. No. 4).[1]

This matter is before the Court on Defendants' Motion for Summary Judgment, Brief in Support, and Statement of Facts (Doc. Nos. 29-31). By Order dated July 1, 2016, this Court directed Plaintiff to file a Response to the Motion within fifteen days of the date of the Order, and cautioned him that failure to respond would result in all of the Defendants' facts being deemed admitted, or dismissal of the action for failure to prosecute (Doc. No. 32). As of this date, Plaintiff has not responded to the Motion. In addition, the copy of the Order sent to Plaintiff at his last-known address was returned to the Court as undeliverable, on July 12, 2016 (Doc. No. 33).

## II. Amended Complaint

Plaintiff complained that Defendants tampered or interfered with his outgoing mail, because several letters he submitted for mailing were not delivered to the recipient. He claimed this caused

---

[1] In his Amended Complaint, Plaintiff states that he was incarcerated as a convicted inmate. (Doc. No. 4, p.7)

him emotional and physical distress, and that Defendants failed to adequately treat him for his medical needs.

**III.   Summary Judgment**

Pursuant to FED.R.CIV.P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997).  "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted)).  "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'" Id. at 1135.  Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

In addition, "[a]ll material facts set forth in the statement (of undisputed material facts) filed by the moving party...shall be deemed admitted unless controverted by the statement filed by the non-moving party...." Local Rule 56.1, Rules of the United States District Court for the Eastern and Western Districts of Arkansas.  Failure to properly support or address the moving party's assertion of fact can result in the fact considered as undisputed for purposes of the motion. FED.R.CIV.P. 56(e)(2).

Defendants state they are protected from liability by qualified immunity, because Plaintiff

provides no proof that they were responsible for failing to mail his letters.  Plaintiff's allegation is based on an assumption that the letters were not mailed, and he provided no proof that the intended recipient did not receive the mail.  In addition, Defendant Fullerton responded to Plaintiff's grievance that all mail submitted is mailed out, "as long as you haven't already turned in 2 for the week (if you are indigent)." (Doc. No. 31-1, p. 3)

With respect to Plaintiff's medical complaints, Defendants provide his medical records which show that he was seen on several occasions concerning his complaints, and that on October 9, 2015, he told the nurse that his medications were working well and he thought the dosage could be decreased.  (Id., pp. 4-13)

In light of the Plaintiff's failure to respond to the Motion and to offer a dispute of the facts asserted by Defendants, the Court hereby finds that the facts set forth by Defendants are undisputed for purposes of the Motion, and recommends that summary judgment be granted as a matter of law. See FED.R.CIV.P. 56(e)(2), (3).

Qualified immunity protects officials who act in an objectively reasonable manner.  It may shield a government official from liability when his or her conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).  Qualified immunity is a question of law, not a question of fact.  McClendon v. Story County Sheriff's Office, 403 F.3d 510, 515 (8th Cir. 2005). Thus, issues concerning qualified immunity are appropriately resolved on summary judgment. See Mitchell v. Forsyth, 472 U.S. 511, 526 (1985) (the privilege is "an *immunity from suit* rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial.").

To determine whether defendants are entitled to qualified immunity, the courts generally

consider two questions: (1) whether the facts alleged or shown, construed in the light most favorable to the plaintiff, establish a violation of a constitutional or statutory right; and (2) whether that right was so clearly established that a reasonable official would have known that his or her actions were unlawful. Pearson v. Callahan, 555 U.S. 223, 232 (2009).[2] Defendants are entitled to qualified immunity only if no reasonable fact finder could answer both questions in the affirmative. Nelson v. Correctional Medical Services, 583 F.3d 522, 528 (8th Cir. 2009).

In order to support a mail interference claim, Plaintiff must show that Defendants limited his right by acts or regulations not reasonably related to legitimate penological interests. Turner v. Safley, 482 U.S. 78, 92 (1987). See also Weiler v. Purkett, 137 F.3d 1047, 1050 (8th Cir. 1998). In this case, while Plaintiff alleged that letters given to the Defendants for mailing were not received by the intended recipient, he provided no proof to support his allegation. According to Defendants' response to Plaintiff's grievance, the issue was investigated, but all mail that was turned in was mailed out. (Doc. No. 31-1, p. 3) Therefore, absent any response from the Plaintiff to the contrary, the Court finds that Defendants acted reasonably, and that no reasonable fact finder could find that the facts alleged or shown, construed in the light most favorable to Plaintiff, established a violation of a constitutional or statutory right.

To support a deliberate indifference claim, Plaintiff must prove that Defendants were deliberately indifferent to a serious medical need. Farmer v. Brennan, 511 U.S. 825, 834 (1994). However, even negligence in diagnosing or treating a medical condition does not constitute a claim of deliberate indifference. Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). Rather, the "prisoner

---

[2]Courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." Nelson, 583 F.3d at 528 (quoting Pearson v. Callahan, 555 U.S. at 236).

must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation," Estate of Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995). See also Smith v. Marcantonio, 910 F.2d 500, 502 (8th Cir. 1990) (holding that a mere disagreement with a course of medical treatment is insufficient to state a claim for relief under the Eighth Amendment). According to the Plaintiff's medical records, he was seen on several occasions in response to his medical requests and was told to notify prison officials when he experienced chest pain. (Doc. No. 31-1, pp. 4-9) In addition, he was provided medication which proved effective. (Id., p. 13) Therefore, absent other submissions from Plaintiff to contradict the Defendants' records, the Court finds that no reasonable fact finder could find that the facts alleged or shown, construed in the light most favorable to Plaintiff, establish a violation of a constitutional or statutory right by Defendants

### IV. Conclusion

IT IS, THEREFORE, RECOMMENDED that Defendants' Motion for Summary Judgment (Doc. No. 29) be GRANTED, and Plaintiff's Complaint against Defendants be DISMISSED with prejudice.

IT IS SO RECOMMENDED this 15th day of August, 2016

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE